## EMMA RITCHIE
### v.
### LEON CHEREST.

PAYMENT—SATISFACTION,—There was a dispute between the parties as to the amount due appellee. Being pressed by a creditor for a debt owing him, appellee settled with appellant for a sum named, and drew an order therefor in favor of his creditor upon appellant, who accepted the same and afterwards paid it. Appellee signed said order with these words added, " I sign under the compulsory note to pay my just bills due Mr. John F Weare." *Held,* a full discharge and satisfaction of the account between appellant and appellee. There was no compulsion or duress sufficient to warrant appellee in disregarding the settlement thus made.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed May 4, 1881.

This was an action of *indebitatus assumpsit,* brought by Leon Cherest against Emma Ritchie for work, labor, etc. The case was as follows: The defendant, desiring to have her house painted, calcimined and decorated, requested the plaintiff, a house and fresco painter, to give her an estimate or statement of the price at which he would do said work, and in compliance with said request, the plaintiff prepared and submitted to her an estimate in writing, specifying in detail the work to be done and the cost of the same, the total amount of the estimate being $623. The defendant thereupon employed the plaintiff to do the work according to said estimate, but during its progress certain changes therein were made, and after its completion, the plaintiff rendered to the defendant a bill for extra work amounting to $359.51, making an aggregate of $982.51. During the progress of the work, $410 was paid the plaintiff on account, but when the bill for extras was rendered, its amount was disputed by the defendant, she claiming that the charges were too high, and the matter was placed by her in the hands of her attorney, to whom the plaintiff was referred for settlement.

Ritchie v. Cherest.

At this time the plaintiff was indebted to John F. Weare & Co. in the sum of $313 for paints and oils furnished by them for the work, and they were pressing him for payment, and threatening to take steps to enforce collection.    Several inter-views took place between the plaintiff and the defendant's attorney, at which the plaintiff was informed of the defendant's objections to his charges for extras, and it was finally agreed between them that in full settlement of the account the defend-ant should pay Weare & Co. for the plaintiff $313, the amount of their account against him, such payment to be made by the acceptance of an order to be drawn on her by the plaintiff for that amount, payable to Weare & Co.    The following order was thereupon drawn up by said attorney, which the plaintiff signed, after appending thereto above his signature the words in italics :

"CHICAGO, July 16, 1877.

"Miss EMMA RITCHIE    Please pay to John F. Weare & Co. the sum of $313, in full payment of all demands I may have against you for work and labor done and materials furnished in repairing house No. 122, 4th avenue, in the city of Chicago. There being a dispute as to the amount of work and contract under which the same was done, it is hereby understood and agreed by me that the above amount shall be paid to said Weare, and the payment is accepted by me as a compromise settlement of all accounts between myself and said Ritchie to this date.    *I sign under the compulsory note to pay my just bills due Mr. John F. Weare.*"

"L. CHEREST."

The following acceptance was written on the order by the attorney at the time it was drawn, and afterwards signed by the plaintiff:

"I hereby accept the above order for the amount above stated, in full of all my indebtedness to said Cherest to this date."

"EMMA RITCHIE."

The order thus accepted was delivered by the plaintiff by John F. Weare & Co., and afterwards paid in full by the defend-

ant. After its payment the plaintiff. brought this suit to recover the balance of his account, and on the trial in the court below, before a jury, recovered a verdict for $260.51, the full amount of such balance, for which sum and costs the court, after overruling the defendant's motion for a new trial, rendered judgment in favor of the plaintiff.

Mr. FRANK BAKER, for appellant; that it a party accepts an offered compromise his claim is settled, and no protest can vary the result, cited Preston v. Grant, 34 Ill. 201; McDaniels v. Lapham, 21 Vt. 222; Donohue v Woodbury, 6 Cush. 150; Bull v. Bull, 43 Conn. 455; Rosenmuller v. Lampe, 89 Ill. 212.

Mr. GEORGE W. CASS, for appellee; that a memoranda attached to a contract will be considered a part of the contract, and will qualify, change or limit the effect and scope of the provisions contained in the body of the instrument, cited Barnard v. Cushing, 4 Met. 230; Thatcher v. Blodgett, 16 Vt. 26; Wait v Pomeroy, 20 Mich. 426; Effinger v. Richards, 35 Miss. 540; Mueller v. Dobschutz, 89 Ill. 176.

An agreement to receive a less sum in payment of a greater is not binding on the promisor, for want of a sufficient consideration: Titsworth v Hyde, 54 Ill. 386; Otto v. Klauber, 23 Wis. 471; Ogborn v Hoffman, 52 Ind. 439; 2 Parsons on Contracts, 618.

BAILEY, J    We are at a loss to understand the theory upon which the jury found a verdict for the plaintiff, or the principle upon which the court below overruled the defendant's motion for a new trial. The plaintiff's claim for extra work was unliquidated, either by a previous agreement or a subsequent accounting, and the evidence is clear and undisputed that the amount which he was entitled to charge was in dispute between him and the defendant. He had fixed his own prices, but the defendant had refused to assent to them, and consequently there existed between them a controversy in relation to a matter about which they might fairly differ. A compromise of such a dispute is based upon a sufficient consideration and is binding.

The evidence, even without reference to the recitals of the order and acceptance, renders it entirely clear that the matters in dispute were convassed by the parties and a compromise and settlement arrived at, by which the defendant was to pay the plaintiff's indebtedness to Weare & Co. in full satisfaction of her account with him. The only witnesses who testified were the plaintiff himself, and the attorney who acted for the defendant in negotiating the compromise. The agreement is fully and satisfactorily shown by the testimony of the attorney and is not disputed by that of the plaintiff. To consummate such agreement, the order read in evidence was drawn and accepted and subsequently paid. We are unable to see why the defense of an accord and satisfaction is not fully established by this evidence.

Moreover, the terms and consideration of the agreement are fully set out in the order and acceptance. In the order, it is expressly agreed that the amount paid Weare & Co. should be in full of all the plaintiff's demands for work and labor done and materials furnished in repairing the defendant's house, and was accepted by the plaintiff as a compromise settlement of all accounts between himself and the defendant to that date. By the acceptance the amount covered by the order is declared to be in full of all the defendant's indebtedness to the plaintiff. This language is clear and unequivocal, and leaves no room for construction.

But it is urged that because of the words written by the plaintiff at the foot of the order before signing it, it must be held, either that his assent was not in fact given to the proceeding recitals and stipulations, or that his assent was given under compulsion or duress, and that in either case those stipulations and recitals are not binding upon him.

It is exceedingly difficult to extract from those words any definite or sensible meaning whatever, and much less can we give them the effect contended for. The words are, " I sign under the compulsory note just to pay my just bills due Mr. John F. Weare." If we are to understand him to mean, as he probably did, that he was induced to sign the order by reason of his desire to obtain thereby the means to pay a just

debt which he was extremely anxious to satisfy, we see in his language nothing inconsistent with any of the preceding terms of the order, or which imputes to the defendant the exercise of any compulsion or duress. The most that can be said of this language is, that it expresses the motives by which the plaintiff was actuated and controlled in accepting the defendant's proposition for a compromise. But no rule is better settled than that where a party is induced, without fraud, to enter into a contract upon a sufficient consideration, the motives or purposes by which he was actuated in giving his assent, are wholly immaterial.

Even if we were to regard these words as intending to impute to the defendant compulsion or duress, the evidence is clear that no compulsion whatever was in fact used, but that the plaintiff was left entirely at liberty to accept or reject the offer of compromise as his preferences or interests might dictate. The fact that he was in great need of money to pay the claims of creditors who were threatening him with legal proceedings, has no tendency to make out a case of compulsion. It may have furnished and probably did furnish a motive for accepting a proposition to receive as a compromise a portion of his claim in lieu of the whole, but it cannot be said to have interfered, in any legal sense, with his entire freedom of action in dealing with defendant.

Nor can the words written by the plaintiff above his signature be regarded as evidence of an intention to withhold his assent from so much of the order as recites and evidences a compromise, and to avail himself of the residue of the instrument. We know of no rule of interpretation by which such intention can be derived from the words employed. Such is not their meaning. They indicate, if anything, that the plaintiff executed the instrument as an entirety, that he might thereby obtain the means to pay a just and pressing debt.

The evidence clearly establishes a valid compromise of the account in dispute, and a payment and satisfaction by the defendant of the amount agreed upon. On this subject the evidence is all one way. These facts constitute a complete defense. It follows, then, that the verdict is wholly unsupported

by the evidence, and that the court erred in refusing to set it aside and to award a new trial. The judgment will therefore be reversed and the cause remanded.

Reversed and remanded.